**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto CARBAJAL–HERNANDEZ,**
**Defendant–Appellant.**

Nos. 04–40369, 04–40379.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 21, 2004.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Mark Michael Dowd, U.S. Attorney'S Office Southern District of Texas, Brownsville, TX, Timoteo E. Gomez, Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM: *

Roberto Carbajal–Hernandez ("Carbajal") appeals from his guilty-plea conviction for illegal reentry after deportation as well as from the revocation of supervised release relating to a prior illegal reentry conviction. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of the Supreme Court's decisions in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He therefore reasons that both the instant conviction as well as his prior illegal reentry conviction must be reduced to convictions under the lesser included offense found in 8 U.S.C. § 1326(a)(2).

A defendant may not use the revocation of supervised release to challenge his sentence for the underlying offense based on *Apprendi* for the first time. *United States v. Moody,* 277 F.3d 719, 720–21 (5th Cir. 2001). Therefore, Carbajal may not challenge his prior illegal reentry conviction in the appeal of the revocation of his supervised release. *See id.*

Regardless, as Carbajal acknowledges, his attack on 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve it for Supreme Court review.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Mancia–Perez,* 331 F.3d 464, 470 (5th Cir.), *cert. denied,* 540 U.S. 935, 124 S.Ct. 358, 157 L.Ed.2d 245 (2003). Accordingly, this court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Mancia–Perez,* 331 F.3d at 470 (internal quotation and citation omitted). Moreover, in *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir.), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), this court held that "*Blakely* does not extend to the federal Guidelines." A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting *en banc* or by the United States Supreme Court. *United States v. Lipscomb,* 299 F.3d 303, 313 n. 34 (5th Cir.2002). Accordingly, the judgments of the district court are AFFIRMED.

Reynaldo Santos Cantu, Jr., Roland E. Dahlin, II, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.